RIKER DANZIG LLP
Anthony J. Zarillo, Jr., Esq. (azarillo@riker.com)
Jeffrey M. Beyer, Esq. (jbeyer@riker.com)
Headquarters Plaza – One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
*Attorneys for Defendant American Home Assurance Company*
*(improperly pled as "American Home Insurance d/b/a American Home")*

|  |  |
|---|---|
| C.J. HESSE, INC., ATLANTIC PIER CO., INC.<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME INSURANCE d/b/a AMERICAN HOME, JOHN DOE 1-10 (fictitiously named); ABC CO. 1-10 (fictitiously named); and XYZ CORPORATIONS 1-10 (fictitiously named construction, maintenance, repair and/or property management corporations),<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br><br>**NOTICE OF REMOVAL**<br><br><br>Removed from the<br>Superior Court of New Jersey,<br>Law Division, Monmouth County |

TO:    Clerk of Court
       Clarkson S. Fisher Building & U.S. Courthouse
       402 East State Street, Room 2020
       Trenton, New Jersey 08608

With Notice to:

       Deputy Clerk of the Superior Court, Law Division
       Superior Court of New Jersey, Monmouth County
       Monmouth County Courthouse
       71 Monument Street
       Freehold, New Jersey 07728

1

Robert E. Levy, Esq.
SCARINCI HOLLENBECK, LLC
150 Clove Road, 9th Floor
Little Falls, New Jersey 07424
rlevy@sh-law.com
*Attorneys for Plaintiffs*

**PLEASE TAKE NOTICE THAT** on November 11, 2024 based on the following allegations, Defendant American Home Assurance Co. (improperly plead as "American Home Insurance d/b/a American Home") ("American Home"), did and hereby does remove this action from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 with full reservation of any and all defenses and objections.

## TIMELINESS OF REMOVAL

1.       On October 10, 2024, Plaintiffs C.J. Hesse, Inc. and Atlantic Pier Co., Inc. ("Plaintiffs") filed this civil action against American Home in the Superior Court of New Jersey, Law Division, Monmouth County, captioned <u>C.J. Hesse, Inc., Atlantic Pier Co., Inc. v. American Home Insurance d/b/a American Home, et al.</u> and assigned Docket No. MON-L-3398-24 (the "State Court Action").  A true and correct copy of the Complaint in the State Court Action is annexed hereto as **Exhibit A** ("Complaint").

2.       As of the date of this Notice of Removal, American Home has not received formal service of process of the Summons and Complaint in the State Court Action.

3.       Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based.

2

4.     Removal of the State Court Action to this Court is thus timely pursuant to 28 U.S.C. § 1446(b)(1).

5.     On November 7, 2024, Plaintiffs filed an Amended Complaint in the State Court Action.  A true and correct copy of the Amended Complaint in the State Court Action is annexed hereto as **Exhibit B** ("Amended Complaint").[1]

6.     Written notice of the filing of this Notice of Removal will be served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

7.     In addition, a copy of this Notice of Removal is being served upon counsel for Plaintiffs and is being filed contemporaneously with the Deputy Clerk of the Superior Court, Superior Court of the State of New Jersey, Law Division, Monmouth County, as required by 28 U.S.C. § 1446(d).

## VENUE AND JURISDICTION

8.     Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Monmouth County, is located within the district of the United States District Court for the District of New Jersey.

9.     As set forth in detail below, the Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the true parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Diversity of Citizenship

10.     Plaintiffs and American Home are all corporations.

---

[1]   Based upon a review of the initial Complaint and the Amended Complaint, it appears that the substantive allegations in the latter pleading are identical to those in the former pleading, and that the only difference between the two pleadings is that the Amended Complaint has removed, from the caption, a series of "John Doe" defendants that appeared in the initial Complaint.

11.     Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of every state in which it has been incorporated, as well as of the state where it has its principal place of business.

12.     Plaintiffs' Complaint alleges that both Plaintiffs are New Jersey corporations, each of which have a principal place of business at 25 First Avenue, Atlantic Highlands, New Jersey.  See **Exhibit A, Plaintiffs' Complaint.**

13.     American Home is incorporated in the State of New York and has its principal place of business in New York, New York.

14.     Accordingly, pursuant to 28 U.S.C § 1332(c)(1), Plaintiffs are citizens of New Jersey and American Home is a citizen of New York.

15.     Complete diversity of citizenship, therefore, existed between the parties at the time the Complaint was filed, and complete diversity of citizenship exists at the time of removal.

16.     As of the time of this filing, there are no other named parties in this lawsuit.

## Amount in Controversy

17.     Plaintiff seeks, in this action, a declaration as to American Home's duties and obligations owed to Plaintiff, under an insurance policy American Home is alleged to have issued to Plaintiffs providing coverage for all loses arising out of personal injury or property damage caused by the negligence of "any auto."   (Complaint ¶ 3).

18.     Specifically, Plaintiffs seek a declaration that American Home has an obligation to defend and indemnify Plaintiffs with respect to five (5) lawsuits arising from accidents involving garbage trucks which took place at or near a landfill located at 2498 Route 70, Manchester, New Jersey between September 23, 2021 and February 7, 2023. (Complaint ¶¶ 1-6).

19.    Three of the underlying lawsuits involve claims for property damage, and the other two are personal injury matters. (Complaint ¶ 6).

20.    Plaintiffs assert that they have incurred, and will continue to be forced to incur, certain defense expenses in connection with the underlying lawsuits.    (Complaint ¶ 10). Plaintiffs' claims asserted in the Complaint include seeking a declaratory judgment as to American Home's duty to defend Plaintiffs, as well as claims for breach of contract, breach of the covenant of good faith and fair dealing, and a bad faith claim for the unreasonable denial of coverage.

21.    In relevant part, Plaintiffs' Complaint seeks a declaration that that American Home is liable for all costs, damages, and expenses in connection with the underlying lawsuits pending against Plaintiffs, along with a declaration that Plaintiffs are entitled to compensatory and punitive damages.    The Complaint does not specify the amount damages sought by Plaintiffs.

22.    Pursuant to 28 U.S.C. § 1446(c)(2), this Notice of Removal may assert the amount in controversy, and removal of the action shall be deemed proper if the amount in controversy stated herein is found by a "preponderance of the evidence" to exceed the amount specified in 28 U.S.C. § 1332(a) (i.e., $75,000, exclusive of interest and costs).  See Auto-Owners Ins. Co. v. Stevens & Ricci, Inc., 835 F.3d 388, 395 (3rd Cir. 2016).  The Third Circuit has counseled that the burden on the party invoking diversity jurisdiction to prove the amount in controversy is "not especially onerous."  Id.

23.     Although declaratory judgment actions do not directly involve an award of monetary damages, "it is well established" that the amount in controversy in such actions "is measured by the value of the object of the litigation." Auto-Owners, 835 F.3d at 397-98 (citing

Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977)); see also 14AA Charles Alan Wright et al., Federal Practice & Procedure § 3708 (4th ed. 2016) ("With regard to actions seeking declaratory relief, the amount in controversy is the value of the right or the viability of the legal claim to be declared, such as a right to indemnification or a duty to defend.").

24.    Other Courts within this Circuit have confirmed that the value of the underlying litigation is deemed relevant in determining the "amount in controversy" in an insurance coverage declaratory judgment action, where, as here, no sum certain has been demanded.  See, e.g. Jeffrey Press, Inc. v. Hartford Cas. Ins. Co., 326 F.Supp.2d 626, 628-29 (E.D. Pa. 2004) (where complaint against insurer seeks declaration as to duty to defend, the amount in controversy requirement "can be satisfied by looking to the underlying suit"); Gisele Grocery & Deli v. Hanover Ins. Group, No. 10-158-PGS, 2010 U.S. Dist. LEXIS 41033 (D. N.J. Apr. 27, 2010), at *1 (although complaint did not seek monetary relief, plaintiff did not dispute that "the underlying value of the requested declaratory relief" – i.e., "the amount of coverage under the Policy" – exceeded $75,000).

25.    If a Complaint does not allege a specific dollar amount, then the Court shall perform an independent appraisal of the value of the claim and consider a Defendant's notice of removal as evidence.  Penn v. Wal-Mart, 116 F. Supp. 2d 557, 561 (3rd Cir. 2000).

26.    When a matter is removed to a U.S. District Court from state court, the Notice of Removal may serve as a Complaint's equivalent in order to determine the amount in controversy. Morgan v. Gay, 471 F.3d 469, 474 (3rd Cir. 2006).

27.    "The court must measure the amount 'not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'"  Werwinski v. Ford

Motor Co., 286 F.3d 661, 666 (3rd Cir. 2002) (quoting Angus v. Shiley Inc., 989 F.2d 142, 146 (3rd Cir. 1993)).

28.     The Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).

29.     Moreover, Defendants "do not need to prove to a legal certainty that the amount in controversy has been met." Id.

30.     As alleged in the State Court Action, Plaintiffs seek a declaration of rights arising under an insurance policy or policies allegedly issued by American Home with respect to the five underlying lawsuits. Given that Plaintiffs claim insured status under such policy or policies, the "value of the right" sought by Plaintiff plainly exceeds the $75,000 jurisdictional requirement.

31.     While details about the nature of the injuries in the personal injury matters are not publicly available on the Superior Court Docket, Plaintiffs' Complaint alleges that all five of the lawsuits at issue are in the Law Division of the Superior Court of New Jersey. None of the matters are pending in the Special Civil Part where the amount in controversy is capped at $20,000.00. See New Jersey Court Rule 6:1-2(a)(1).

32.     As such, there is a clear plausible allegation that the potential exposure for the indemnification of the claims of the five lawsuits collectively is, ***at a minimum***, $100,000.00, which would exceed the amount in controversy requirement to invoke this Court's jurisdiction.

33.     One of the underlying cases referred to in the Complaint, for which Plaintiffs seek coverage from American Home, involves a claim for recovery for property damage to a vehicle owned by Stafford Township and operated by its employee Ken Widmer during an incident occurring on July 6, 2022. A review of the complaint in that action, which was brought under

case number OCN-L-1546-24 in the Superior Court of New Jersey, Law Division, Ocean County, indicates that the case involves alleged damages in the amount of $65,376.43. (See **Exhibit C**, at ¶ 25).

34.     Another of the underlying cases referred to in the Complaint, for which Plaintiffs seek coverage from American Home, involves a claim for recovery for property damage to a vehicle owned by Brick Township and operated by its employee William Barnshaw during an incident occurring on October 1, 2021.  A review of the complaint in that action, which was brought under case number OCN-L-1266-23 in the Superior Court of New Jersey, Law Division, Ocean County, indicates that the case involves alleged damages in the amount of $77,751.67. (See **Exhibit D**, at ¶ 21).

35.     Accordingly, American Home faces potential exposure, for indemnification of Plaintiffs (separate and apart from any obligation as to Plaintiffs' defense costs), in these two cases *alone*, of more than $140,000 – which is well in excess of the $75,000 amount in controversy jurisdictional requirement.

36.     Additionally, in insurance declaratory judgment actions, the defense costs necessarily expended in defending the underlying action(s) are included in the calculation of the potential amount in controversy.  Law Office of Drew J. Bauman v. Hanover Ins. Co., 2023 U.S. Dist. LEXIS 26938 (D.N.J., Feb. 2, 2023), at *8.

37.     Given the potential collective value of the five underlying lawsuits, the defense costs associated with defending such actions, and Plaintiffs' claims in their Complaint seeking both compensatory and punitive damages, there is at a minimum, a plausible allegation that the amount in controversy exceeds the $75,000 jurisdictional threshold.  See 28 U.S.C. § 1332(a).

**WHEREFORE**, American Home respectfully requests that the State Court Action be removed from the Superior Court of New Jersey, Law Division, Monmouth County to the United States District Court for the District of New Jersey.

**RIKER DANZIG LLP**

By:    **/s/ Anthony J. Zarillo, Jr.**
Anthony J. Zarillo, Jr., Esq.
*Attorneys for Defendant American Home Assurance Company (improperly plead as "American Home Insurance d/b/a American Home")*

Dated: November 11, 2024

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Anthony J. Zarillo, Jr., Esq., of full age, hereby certifies in accordance with Local Civil Rule 11.2 that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, except for the state court action being removed to this Court. I am further presently aware of the names of no other parties that should be joined in this action.

I certify that the foregoing statements made by me are true. I further certify that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**RIKER DANZIG LLP**

By:     **/s/ Anthony J. Zarillo, Jr.**
        Anthony J. Zarillo, Jr., Esq.
        *Attorneys for Defendant American Home Assurance*
        *Company (improperly plead as "American Home*
        *Insurance d/b/a American Home")*

Dated: November 11, 2024

4871-2612-1206, v. 3

# EXHIBIT A

ROBERT E. LEVY, ESQ. (011501976)
**SCARINCI HOLLENBECK, LLC**
150 Clove Road, 9th Floor
Little Falls, New Jersey 07424
Telephone: (201) 896-4100
Facsimile: (201) 896-8660
Email: rlevy@sh-law.com
*Attorneys for Plaintiffs, C.J. Hesse, Inc. and Atlantic Pier Co., Inc.*

| | |
|---|---|
| C.J. HESSE, INC., ATLANTIC PIER CO., INC.<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME INSURANCE d/b/a AMERICAN HOME, JOHN DOE 1-10 (fictitiously named); ABC CO. 1-10 (fictitiously named); and XYZ CORPORATIONS 1-10 (factiously named construction, maintenance, repair, and/or property management corporations),<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiffs, C.J. Hesse, Inc. ("Hesse" or "Plaintiff") and Atlantic Pier Co., Inc. ("Atlantic Pier" or "Plaintiff") New Jersey corporations having their principal place of business at 25 First Avenue, Atlantic Highlands, New Jersey by way of Complaint against Defendant American Home Insurance d/b/a American Home ("American Home" or "Defendant") alleges:

FIRST COUNT
**Breach of Contract**

1.      This is an action relating to five negligence suits where the alleged incidents giving rise to each of the suits occurred at the landfill located at 2498 Route 70, Manchester, New Jersey

("Site"). This real property is owned by Atlantic Pier, Corp. and leased to Ocean County Landfill Corp. ("Ocean County Landfill") by a written lease agreement.

2.      Defendant American Home, upon information and belief is a licensed by the State of New Jersey to issue general liability policies of insurance in New Jersey, with a place of business located 305 Madison Avenue, Morristown, New Jersey.

3.      American Home issued a general liability Policy No. EPK139215 ("Policy") which provides coverage to Hesse and Atlantic Pier for all alleged losses for personal injuries and property damages caused by the negligence of "any auto" which triggers coverage and a duty to defend Hesse and Atlantic Pier against such allegations. In these cases, the garbage trucks that allegedly caused the damages alleged are vehicles that meet the policy definition of "any auto."

4.      Venue is proper in Monmouth County pursuant to New Jersey Court Rule 4:3-2 because Plaintiff have their principal place of business here and the policy of insurance was issued to Plaintiffs at their principal place of business.

5.      The Court has personal jurisdiction over American Home because at all relevant times American Home (1) operated, conducted, engaged in, or carried out business in New Jersey, including the sale of insurance policies to New Jersey businesses, (2) there is the requisite nexus between such business conducted by American Home and this action, and (3) because American Home engaged in substantial and not isolated business activity within New Jersey.

6.      The five lawsuits filed against Plaintiffs are:

William Barnshaw and his wife Jill for personal injuries on October 1, 2021, at the landfill. (OCN-L-2585-22).

Gerald Alton and his wife Diane for personal injuries alleged to have occurred on September 23, 2021, at the landfill. (OCN-L-2172-23).

2

Ocean County Joint Insurance Fund for property damage to a vehicle owned by its member Stafford Township driven by its employee Michael Smith that allegedly has damage to its oil pan during an incident alleged to have occurred on February 7, 2023, at the landfill. (OCN-L-1209-23).

Ocean County Joint Insurance Fund for the costs of property damage to a vehicle owned its member Stafford Township for a vehicle driven by its employee Ken Widmer during an incident alleged to have occurred on July 6, 2022, at the landfill. (OCN-L-1546-24).

Ocean County Joint Insurance Fund for property damage to a vehicle owned by its member Brick Township driven by its employee William Barnshaw during an incident alleged to have occurred on October 1, 2021, at the landfill. (OCN-L-1266-23).

7.      American Home has acknowledged receipt of each of the above reference suits on May 14, 2014, but has denied it's the duty to defend and cover each of the claims raised in each of these suits.

8.      American Home has refused to assign defense counsel for each of these lawsuits against Plaintiffs.

9.      American Home has wrongfully denied its duty to defend and to provide coverage for all these claims against Plaintiffs in each of these lawsuits.

10.     Plaintiffs have and will continue to incur substantial costs to defend each of these lawsuits.

11.     The Policy is a valid contract of insurance and is binding on American Home.

12.     The Policy obligates American Home to provide coverage and a defense to Plaintiffs for the costs it has incurred to date and will continue to incur to defend these lawsuits.

3

13.     Plaintiffs have satisfied all applicable conditions precedent to coverage and defense under the Policy.

14.     American Home has breached its obligations by refusing or failing to provide a defense and coverage to Plaintiffs under the Policy and governing law with respect to the costs incurred by Plaintiffs.

15.     As a result of American Home's breach of the Policy, Plaintiffs have been deprived of, and continues to be deprived of the benefits of the Policy issued by American Home.

16.     As a direct result of American Home's breach of the Policy, Plaintiffs have sustained and will continue to sustain damages, including but not limited to compensatory damages, direct and consequential damages, pre-judgment and post-judgment interest, attorney's fees and court costs.

<u>**SECOND CAUSE OF ACTION**</u>
**Declaratory Judgment**

17.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-16 as if forth at length herein.

18.     The Policy constitutes a valid contract of insurance and is binding upon American Home.

19.     Plaintiffs are entitled to coverage under the Policy for the costs and damages it has incurred to date and will continue to incur into the future.

20.     Plaintiffs have suffered and continue to suffer losses which are covered under the Policy.

4858-1791-7924, v. 2

21.     An actual and justiciable controversy exists between Plaintiffs and American Home as to American Home's obligations to Plaintiffs pursuant to the Policy and the rights and obligations of the parties thereto.

22.     The issuance of declaratory relief by this Court addressing American Home's obligations pursuant to the Policy will terminate some or all the controversy between the parties.

23.     Accordingly, Plaintiffs are entitled to a declaration of the parties' respective rights and obligations under the Policy pursuant to N.J.S.A. 2A:16-50 et seq.

**THIRD CAUSE OF ACTION**
**Breach of Covenant of Good Faith and Fair Dealing**

24.     Plaintiffs repeats and realleges each and every allegation contained in Paragraphs 1-23 as if set forth at length herein.

25.     All contracts impose a covenant of good faith and fair dealing in their performance and enforcement.

26.     American Home's actions in denying Plaintiffs' coverage and a defense under the Policy after Plaintiffs' tender of their notice of these claims to breached the implied covenant of good faith and fair dealing.

27.     As a direct result of American Home's breach of the implied covenant of good faith and fair dealing, Plaintiffs have incurred damages and will continue to be damaged.

**FOURTH CAUSE OF ACTION**
**Bad Faith (Pickett v. Lloyds) and Unreasonable Denial of Coverage**

28.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-27 as if set forth at length herein.

29.     All contracts impose a covenant of good faith and fair dealing in their performance and enforcement.

5

30.     The New Jersey Legislature has codified these principles in the insurance industry by defining unfair and deceptive business practices in insurance claims settlement.

31.     Such practices include "[r]efusing to pay claims without conducting a reasonable investigation based upon all available information[,]" (<u>N.J.S.A.</u> 17:29B-4(9)(d)); "[f]ailing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed[,]" (<u>N.J.S.A.</u> 17:29B-4(9)(e)); "[c]compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds[,]" (<u>N.J.S.A.</u> 17:29B-4(9)(g)); and "[n]ot attempting to negotiate in good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear[,]" (<u>N.J.S.A.</u> 17:29B-4(9)(f)).

32.     American Home's actions in denying Plaintiffs' a defense and coverage under the Policy after Plaintiffs' tender of its notice of these claims to American Home breached the covenant of good faith and fair dealing, constitutes bad faith, and is an unfair business practice.

33.     As a result of American Home's actions, Plaintiffs have been forced to file this action seeking the insurance coverage and defense to which it is entitled.

34.     As a direct result of American Home's actions, Plaintiffs have been forced to incur undue expenses and pay for the services of attorneys and other professionals to secure coverage and a defense.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court find in its favor and enter

judgment as follows:

a.    Compensatory damages for all costs, damages, and expenses incurred by Plaintiffs relating to the defense of all these cases and claims;

b.    A declaration that American Home is liable for all costs, damages, and expenses incurred by P Plaintiffs in connection with the damages sought against Plaintiffs for negligence;

c.    A declaration that Plaintiffs is entitled to punitive damages from American Home;

d.    Pre-judgment and post-judgment interest at the maximum legal rate;

e.    Attorneys' fees (including fees payable to a successful claimant pursuant to R. 4:42-9(a)(6);

f.    Costs of suit; and

g.    Such other and further relief as this Court deems just.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Robert E. Levy, Esq. is hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO RULE 1:38-7(c)

I hereby certify that confidential personal identifiers have been redacted from documents

now submitted to the Court and will be redacted from all documents submitted in the future.

4858-1791-7924, v. 2

## **RULE 4:5-1(b)(2) CERTIFICATION**

Pursuant to the requirements of <u>R</u>. 4:5-1(b)(2), I certify that the matter in controversy is not the subject of any other court or arbitration proceeding except the five lawsuits set forth in paragraph 6 hereinabove, nor is any other court or arbitration proceeding contemplated within the time permitted by law except a lawsuit against Crum & Forster.  I also note that Crum & Forster is defending, by virtue of a different general liability policy with a reservation of rights, Suits 1, 2 and 5 described herein above and may defend suits 3 and 4 described herein above.  I also certify that I am unaware of any other persons who should be joined as parties in this action.

**SCARINCI HOLLENBECK, LLC**
*Attorneys for Plaintiffs, C.J. Hesse, Inc. and*
*Atlantic Pier Co., Inc.*

By: _____*/s/ Robert E. Levy*_____
         ROBERT E. LEVY, ESQ.

Dated:  October 10, 2024

8

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-003398-24

**Case Caption:** C.J. HESSE, INC.   VS AMERICAN HOME
INSURA NCE

**Case Initiation Date:** 10/10/2024

**Attorney Name:** ROBERT E LEVY

**Firm Name:** SCARINCI & HOLLENBECK LLC

**Address:** 150 CLOVE RD 9TH FL

LITTLE FALLS NJ 07424

**Phone:** 2018964100

**Name of Party:** PLAINTIFF : C.J. Hesse, Inc.

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: C.J. Hesse, Inc.?** NO

**Are sexual abuse claims alleged by: Atlantic Pier Co., Inc.?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/10/2024                                                      /s/ ROBERT E LEVY
Dated                                                               Signed

# EXHIBIT B

ROBERT E. LEVY, ESQ. (011501976)
**SCARINCI HOLLENBECK, LLC**
150 Clove Road, 9th Floor
Little Falls, New Jersey 07424
Telephone: (201) 896-4100
Facsimile: (201) 896-8660
Email: rlevy@sh-law.com
*Attorneys for Plaintiffs, C.J. Hesse, Inc. and Atlantic Pier Co., Inc.*

| | |
|---|---|
| C.J. HESSE, INC., ATLANTIC PIER CO., INC.<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME INSURANCE d/b/a AMERICAN HOME,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO.: MON-L-003398-24<br><br>CIVIL ACTION<br><br>**AMENDED COMPLAINT** |

Plaintiffs, C.J. Hesse, Inc. ("Hesse" or "Plaintiff") and Atlantic Pier Co., Inc. ("Atlantic Pier" or "Plaintiff") New Jersey corporations having their principal place of business at 25 First Avenue, Atlantic Highlands, New Jersey by way of Complaint against Defendant American Home Insurance d/b/a American Home ("American Home" or "Defendant") alleges:

<u>FIRST COUNT</u>
**Breach of Contract**

1.      This is an action relating to five negligence suits where the alleged incidents giving rise to each of the suits occurred at the landfill located at 2498 Route 70, Manchester, New Jersey ("Site"). This real property is owned by Atlantic Pier, Corp. and leased to Ocean County Landfill Corp. ("Ocean County Landfill") by a written lease agreement.

2.      Defendant American Home, upon information and belief is a licensed by the State of New Jersey to issue general liability policies of insurance in New Jersey, with a place of business located 305 Madison Avenue, Morristown, New Jersey.

3.      American Home issued a general liability Policy No. EPK139215 ("Policy") which provides coverage to Hesse and Atlantic Pier for all alleged losses for personal injuries and property damages caused by the negligence of "any auto" which triggers coverage and a duty to defend Hesse and Atlantic Pier against such allegations. In these cases, the garbage trucks that allegedly caused the damages alleged are vehicles that meet the policy definition of "any auto."

4.      Venue is proper in Monmouth County pursuant to New Jersey Court Rule 4:3-2 because Plaintiff have their principal place of business here and the policy of insurance was issued to Plaintiffs at their principal place of business.

5.      The Court has personal jurisdiction over American Home because at all relevant times American Home (1) operated, conducted, engaged in, or carried out business in New Jersey, including the sale of insurance policies to New Jersey businesses, (2) there is the requisite nexus between such business conducted by American Home and this action, and (3) because American Home engaged in substantial and not isolated business activity within New Jersey.

6.      The five lawsuits filed against Plaintiffs are:

William Barnshaw and his wife Jill for personal injuries on October 1, 2021, at the landfill. (OCN-L-2585-22).

Gerald Alton and his wife Diane for personal injuries alleged to have occurred on September 23, 2021, at the landfill. (OCN-L-2172-23).

Ocean County Joint Insurance Fund for property damage to a vehicle owned by its member Stafford Township driven by its employee Michael Smith that allegedly has damage to its oil pan

during an incident alleged to have occurred on February 7, 2023, at the landfill. (OCN-L-1209-23).

Ocean County Joint Insurance Fund for the costs of property damage to a vehicle owned its member Stafford Township for a vehicle driven by its employee Ken Widmer during an incident alleged to have occurred on July 6, 2022, at the landfill. (OCN-L-1546-24).

Ocean County Joint Insurance Fund for property damage to a vehicle owned by its member Brick Township driven by its employee William Barnshaw during an incident alleged to have occurred on October 1, 2021, at the landfill. (OCN-L-1266-23).

7.    American Home has acknowledged receipt of each of the above reference suits on May 14, 2014, but has denied it's the duty to defend and cover each of the claims raised in each of these suits.

8.    American Home has refused to assign defense counsel for each of these lawsuits against Plaintiffs.

9.    American Home has wrongfully denied its duty to defend and to provide coverage for all these claims against Plaintiffs in each of these lawsuits.

10.    Plaintiffs have and will continue to incur substantial costs to defend each of these lawsuits.

11.    The Policy is a valid contract of insurance and is binding on American Home.

12.    The Policy obligates American Home to provide coverage and a defense to Plaintiffs for the costs it has incurred to date and will continue to incur to defend these lawsuits.

13.    Plaintiffs have satisfied all applicable conditions precedent to coverage and defense under the Policy.

4886-9788-6966, v. 1

14.     American Home has breached its obligations by refusing or failing to provide a defense and coverage to Plaintiffs under the Policy and governing law with respect to the costs incurred by Plaintiffs.

15.     As a result of American Home's breach of the Policy, Plaintiffs have been deprived of, and continues to be deprived of the benefits of the Policy issued by American Home.

16.     As a direct result of American Home's breach of the Policy, Plaintiffs have sustained and will continue to sustain damages, including but not limited to compensatory damages, direct and consequential damages, pre-judgment and post-judgment interest, attorney's fees and court costs.

## SECOND CAUSE OF ACTION
### Declaratory Judgment

17.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-16 as if forth at length herein.

18.     The Policy constitutes a valid contract of insurance and is binding upon American Home.

19.     Plaintiffs are entitled to coverage under the Policy for the costs and damages it has incurred to date and will continue to incur into the future.

20.     Plaintiffs have suffered and continue to suffer losses which are covered under the Policy.

21.     An actual and justiciable controversy exists between Plaintiffs and American Home as to American Home's obligations to Plaintiffs pursuant to the Policy and the rights and obligations of the parties thereto.

4886-9788-6966, v. 1

22.    The issuance of declaratory relief by this Court addressing American Home's obligations pursuant to the Policy will terminate some or all the controversy between the parties.

23.    Accordingly, Plaintiffs are entitled to a declaration of the parties' respective rights and obligations under the Policy pursuant to <u>N.J.S.A.</u> 2A:16-50 <u>et</u> <u>seq</u>.

### THIRD CAUSE OF ACTION
### Breach of Covenant of Good Faith and Fair Dealing

24.    Plaintiffs repeats and realleges each and every allegation contained in Paragraphs 1-23 as if set forth at length herein.

25.    All contracts impose a covenant of good faith and fair dealing in their performance and enforcement.

26.    American Home's actions in denying Plaintiffs' coverage and a defense under the Policy after Plaintiffs' tender of their notice of these claims to breached the implied covenant of good faith and fair dealing.

27.    As a direct result of American Home's breach of the implied covenant of good faith and fair dealing, Plaintiffs have incurred damages and will continue to be damaged.

### FOURTH CAUSE OF ACTION
### Bad Faith (<u>Pickett v. Lloyds</u>) and Unreasonable Denial of Coverage

28.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-27 as if set forth at length herein.

29.    All contracts impose a covenant of good faith and fair dealing in their performance and enforcement.

30.    The New Jersey Legislature has codified these principles in the insurance industry by defining unfair and deceptive business practices in insurance claims settlement.

4886-9788-6966, v. 1

31. Such practices include "[r]efusing to pay claims without conducting a reasonable investigation based upon all available information[,]" (<u>N.J.S.A.</u> 17:29B-4(9)(d)); "[f]ailing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed[,]" (<u>N.J.S.A.</u> 17:29B-4(9)(e)); "[c]compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds[,]" (<u>N.J.S.A.</u> 17:29B-4(9)(g)); and "[n]ot attempting to negotiate in good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear[,]" (<u>N.J.S.A.</u> 17:29B-4(9)(f)).

32. American Home's actions in denying Plaintiffs' a defense and coverage under the Policy after Plaintiffs' tender of its notice of these claims to American Home breached the covenant of good faith and fair dealing, constitutes bad faith, and is an unfair business practice.

33. As a result of American Home's actions, Plaintiffs have been forced to file this action seeking the insurance coverage and defense to which it is entitled.

34. As a direct result of American Home's actions, Plaintiffs have been forced to incur undue expenses and pay for the services of attorneys and other professionals to secure coverage and a defense.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court find in its favor and enter judgment as follows:

a. Compensatory damages for all costs, damages, and expenses incurred by Plaintiffs relating to the defense of all these cases and claims;

b. A declaration that American Home is liable for all costs, damages, and expenses incurred by P Plaintiffs in connection with the damages sought against Plaintiffs for negligence;

c. A declaration that Plaintiffs is entitled to punitive damages from American Home;

6

d.       Pre-judgment and post-judgment interest at the maximum legal rate;

e.       Attorneys' fees (including fees payable to a successful claimant pursuant to R. 4:42-9(a)(6);

f.       Costs of suit; and

g.       Such other and further relief as this Court deems just.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Robert E. Levy, Esq. is hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO RULE 1:38-7(c)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

## RULE 4:5-1(b)(2) CERTIFICATION

Pursuant to the requirements of R. 4:5-1(b)(2), I certify that the matter in controversy is not the subject of any other court or arbitration proceeding except the five lawsuits set forth in paragraph 6 hereinabove, nor is any other court or arbitration proceeding contemplated within the time permitted by law except a lawsuit against Crum & Forster.  I also note that Crum & Forster is defending, by virtue of a different general liability policy with a reservation of rights, Suits 1, 2 and 5 described herein above and may defend suits 3 and 4 described herein above.  I also certify that I am unaware of any other persons who should be joined as parties in this action.

SCARINCI HOLLENBECK, LLC
*Attorneys for Plaintiffs, C.J. Hesse, Inc. and*
*Atlantic Pier Co., Inc.*


By:       */s/  Robert E. Levy*
          ROBERT E. LEVY, ESQ.


Dated:  November 7, 2024

4886-9788-6966, v. 1

# EXHIBIT C

GLUCK & ALLEN, LLC
James J. Gluck, Esq.
Attorney ID # 017961994
217 Washington Street
Toms River, New Jersey 08753
(732) 515-4849
Email: jgluck@gluck-allen.com

Attorney(s) for Plaintiff
File No.: 263-342

| | |
|---|---|
| Ocean County Municipal Joint Insurance Fund a/s/o Stafford Township, | : SUPERIOR COURT OF NEW JERSEY : LAW DIVISION-OCEAN COUNTY : : Civil Action |
| Plaintiff(s), | : : |
| vs. | : Docket No.: : |
| Ocean County Landfill Corp.; Atlantic Pier Co., Inc.; Environmental Resolutions Inc.; John Fink; Manchester Renewal Power Corp.; MRPC LFGTE Plant; MRPC Holdings, LLC; Ocean Energy; Ocean Energy Holdings, LLC; Energy Power Partners Fund I, LP; John/Jane Doe (1-10) (fictitiously named); ABC Co. (1-10) (fictitiously named); XYZ Corporations (1-10) (fictitiously named corporations and/or construction, maintenance, repair, and/or property management corporations); GHI Partnerships (1-10) (fictitiously named); and JKL Limited Liability Companies (1-10) (fictitiously named) | : **COMPLAINT** : : : : : : : : : : : : : : |
| Defendant(s) | |

The Plaintiff, Ocean County Municipal Joint Insurance Fund a/s/o Stafford Township, by way of complaint against the Defendant(s), upon information and belief herein says:

## **FIRST COUNT**

1.     Plaintiff, Ocean County Municipal Joint Insurance Fund (hereinafter "Plaintiff"), is a business entity authorized to transact business in the State of New Jersey.

2.      Stafford Township is a municipal entity, corporate and politic, of the State of New Jersey, and on or about July 6, 2022, was the owner of a 2020 Peterbilt dump truck (the "Truck") insured under a policy of insurance with Plaintiff.

3.      Defendant, Ocean County Landfill Corp., is a business entity, with its principal place of business located at 2498 NJ-70, Manchester Township, New Jersey 08759.

4.      Defendant Atlantic Pier Co., Inc., is a business entity, with its principal place of business located at 25 1st Avenue, #200, Atlantic Highlands, New Jersey 07716.

5.      Defendant Environmental Resolutions, Inc., is a business entity, with its principal place of business located at 815 E. Gate Drive, #013, Mt. Laurel, New Jersey 08054.

6.      Defendant John Fink, is an adult, and president, executive, officer and/or manager at the Ocean County Landfill, where he regularly conducts business.

7.      Defendant Manchester Renewal Power Corp., is a business entity, with its principal place of business located at 2498 NJ-70, Manchester Township, New Jersey 08759.

8.      Defendant MRPC Holdings, LLC, is a business entity with its principal place of business located at 2498 NJ-70 Manchester Township, New Jersey 08759.

9.      Defendant MRPC LFGTE Plant is a business entity with its principal place of business located at 2498 NJ-70 Manchester Township, New Jersey 08759.

10.     Defendant Energy Power Partners Fund I, LP is a business entity with its principal place of business located at 2498 NJ-70 Manchester Township, New Jersey 08759.

11.     Defendant Ocean Energy Holdings, LLC, is a business entity, with its principal place of business located at 2498 NJ-70, Manchester Township, New Jersey 08759.

12.     Defendant Ocean Energy is a business entity, with its principal place of business located at 2498 NJ-70, Manchester Township, New Jersey 08759.

13.     Defendant(s) John/Jane Doe (1-10) are fictitious individuals intending to represent any unknown, undisclosed and/or concealed party or parties that have liability for the occurrences alleged herein.

14.    Defendant(s) ABC Co. (1-10), XYZ Corporations (1-10), GHI Partnerships (1-10), and JKL Limited Liability Companies (1-10) are fictitious business entities intending to represent any unknown, undisclosed and/or concealed party or parties that have liability for the occurrences alleged herein.

15.    On or about July 6, 2022, the Defendant(s) owned, operated, controlled, supervised, managed, staffed, and/or maintained the Ocean County Landfill (the "Landfill") located at 2498 NJ-70, Manchester Township, New Jersey 08759.

16.    At all relevant times herein, Defendant(s) through arrangement, agreement, or acts or omission of agent, servant, authorized personnel and representative, servant, employee and/or worker, were responsible for the construction, remodeling, maintenance, repair, management, supervision and/or upkeep of the Landfill.

17.    At all relevant times herein, Defendant(s) owed a duty to those lawfully at the Landfill to use reasonable care in the management, ownership, control, maintenance, use, operation, safe landfill remodeling, construction, inspection, including utilizing all means and methods available on the property to permit the safe transfer and unloading of garbage and to keep the premises reasonably safe for invitees so that the premises would be reasonably safe and free of any and all dangerous conditions capable of causing injury to those persons/property lawfully on the premises. This duty included a duty to conduct reasonable inspections of said premises to ensure no hazardous conditions existed on the premises and to keep said premises free of dangerous and hazardous conditions capable of causing injury to those persons and property lawfully on the premises.

18.    On or about July 6, 2022, Ken Widmer (not a party to this action) was an employee for Stafford Township, and in that capacity was operating the Truck at the Landfill.

19.    On or about July 6, 2022, the Defendant(s) carelessly and/or negligently allowed and permitted a dangerous and hazardous condition to exist at the Landfill and/or failed to warn Plaintiff's insured of same.

20.    On or about July 6, 2022, Defendant(s) carelessly and/or negligently failed to properly and safely maintain, service, supervise and/or manage the upkeep and condition at the Landfill, causing the sites where garbage was unloaded to become unsafe for garbage vehicles to travel and perform their duties.

21.    On or about July 6, 2022, Plaintiff's insured's driver, Ken Widmer, during the course of his employment duties with Stafford Township, entered the Landfill to dump a garbage load.

22.     Upon arrival, Plaintiff's insured's driver, Ken Widmer, was instructed by an employee, agent, servant, and/or authorized representative of Defendant(s) to travel to a specific site and/or location at the Landfill to perform the dump. Plaintiff's insured's driver adhered to the aforesaid employee, agent, servant, and/or authorized representative's instructions.

23.     Shortly after dumping the load, alarms sounded from within the Truck, notifying the operator of the existence of damage to the Truck.

24.     It was later determined upon inspection that debris and/or a protruding object at the Landfill struck the Truck's oil pan, causing the leakage of oil and subsequent disabling damage to the Truck's engine.

25.     As a result of the dangerous and hazardous condition of the Landfill during the time the Truck was being operated at same, extensive property damage was caused in the amount of $65,376.43.

26.     At all relevant times herein, Defendant(s), through their respective agents, servants, and/or employees, breached the duty of care owed to Plaintiff's insured for the reasons aforesaid in prior Counts of this Complaint and incorporated herein by reference. Further, Defendants, through their respective agents, servants, and/or employees, breached the duty of care owed the Plaintiff by negligently and carelessly allowing (a) dangerous condition(s) to exist. Specifically, said Defendants failed to keep the premises in a safe condition; caused, created and/or allowed (a) dangerous condition(s) to exist; failed to conduct a reasonable inspection(s) of the premises; were otherwise negligent in the management, ownership, control, operation, use, and/or maintenance of the premises (including but not limited to, negligence in any repair, maintenance, installation, and/or any supervision); negligently and carelessly hired, trained, retained, properly managed and/or properly supervise its agents, servants and/or employees; and, further, also failed to warn of the existence of the dangerous condition(s) then and there existing at the time of this accident.

27.     It was reasonably foreseeable that the aforementioned hazardous and dangerous condition(s) that caused the Truck to become damaged, would cause injury to persons/property lawfully on the premises/property including the Truck, and Defendants, through their respective agents, servants, and/or employees, knew through actual knowledge or should have known of the existence of the hazardous condition(s) since reasonable inspection(s) would have revealed its/their existence.

28.     The aforesaid accident was a direct and proximate result of Defendants' negligence, carelessness, recklessness and/or other liability-producing conduct.

29.     Pursuant to the insurance policy herein mentioned, Plaintiff has incurred and paid expense and other damages on behalf of its insured.

**WHEREFORE**, the Plaintiff, Ocean County Municipal Joint Insurance Fund a/s/o Stafford Township, demands judgment against the Defendants, in the amount of $65,376.43, which includes the Plaintiff's insured's deductible, plus interest, attorney's fees, and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

James J. Gluck is hereby designated as the trial counsel for the Plaintiff in the within matter.

## DEMAND FOR INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## CERTIFICATION PURSUANT TO R. 1:38-7

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## CERTIFICATION PURSUANT TO R. 4:5-1

Following my initial review of this matter, there is a pending related matter in the Superior Court of New Jersey, Law Division, Ocean County, under docket number OCN-L-1209-24.

**GLUCK & ALLEN, LLC**

By: /s/ James J. Gluck
_____
James J. Gluck, Esq.
Attorney for Plaintiff

Dated: June 14, 2024

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-001546-24**

**Case Caption:** OCEAN COUNTY MUNICIP AL JOINT   VS
OCEAN COUNTY L

**Case Initiation Date:** 06/14/2024

**Attorney Name:** BRENDAN THEODORE BIANCHI

**Firm Name:** GLUCK &  ALLEN  LLC

**Address:** 217 WASHINGTON ST

TOMS RIVER NJ 087530000

**Phone:** 7325054800

**Name of Party:** PLAINTIFF : Ocean County Municipal Joint I

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** TORT-OTHER

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** YES

**If yes, list docket numbers:** OCN-L-1209-24

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Ocean County Municipal Joint I? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
> **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
> **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/14/2024
Dated

/s/ BRENDAN THEODORE BIANCHI
Signed

# EXHIBIT D

GLUCK & ALLEN, LLC
James J. Gluck, Esq.
Attorney ID # 017961994
217 Washington Street
Toms River, New Jersey 08753
(732) 505-4800
Email: jgluck@gluck-allen.com

Attorney(s) for Plaintiff
File No.: 263-329(B)

| | |
|---|---|
| Ocean County Municipal Joint Insurance Fund a/s/o Township of Brick,<br><br>    Plaintiff(s),<br><br>    vs.<br><br>Ocean County Landfill Corp.,<br>Ocean County Landfill,<br>Atlantic Pier Co., Inc., Brick-Wall Corp.,<br>C.J. Hesse, Inc., C.J. Hesse Ocean County Landfill, The Hesse Corporation, Environmental Resolutions, Inc., John Fink, Manchester Renewal Power Corp., MRPC Holdings, LLC, Ocean Energy Holdings, LLC,<br>John Doe 1-10, and<br>ABC Companies 1-10<br><br>    Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-OCEAN COUNTY<br><br>Civil Action<br><br>Docket No.:<br><br>**COMPLAINT** |

The Plaintiff, Ocean County Municipal Joint Insurance Fund a/s/o Township of Brick, by way of complaint against the Defendant(s), upon information and belief herein says:

## **FIRST COUNT**

1.    Plaintiff, Ocean County Municipal Joint Insurance Fund, is a business entity authorized to transact business in the State of New Jersey.

2.    Township of Brick is a municipal entity, corporate and politic, of the State of New Jersey, and on or about October 1, 2021, was the owner of a 2014

Peterbilt dump truck (the "Truck") insured under a policy of insurance with Plaintiff.

3.    Defendant, Ocean County Landfill Corp., is a business entity, with its principal place of business located at 2498 NJ-70, Manchester Township, New Jersey 08759.

4.    Defendant, Ocean County Landfill, is a business entity, with its principal place of business located at 2498 NJ-70, Manchester Township, New Jersey 08759.

5.    Defendant Atlantic Pier Co., Inc., is a business entity, with its principal place of business located at 25 1st Avenue, #200, Atlantic Highlands, New Jersey 07716.

6.    Defendant C.J. Hesse, Inc., is a business entity, with its principal place of business located at 25 1st Avenue, #200, Atlantic Highlands, New Jersey 07716.

7.    Defendant C.J. Hesse Ocean County Landfill, is a business entity, with its principal place of business located at 25 1st Avenue, #200, Atlantic Highlands, New Jersey 07716.

8.    Defendant The Hesse Corporation, is a business entity, with its principal place of business located at 25 1st Avenue, #200, Atlantic Highlands, New Jersey 07716.

9.    Defendant Environmental Resolutions, Inc., is a business entity, with its principal place of business located at 815 E. Gate Drive, #013, Mt. Laurel, New Jersey 08054.

10.   Defendant John Fink, is an adult, and president, executive, officer and/or manager at the Ocean County Landfill, where he regularly conducts business.

11.   Defendant Manchester Renewal Power Corp., is a business entity, with its principal place of business located at 2498 NJ-70, Manchester Township, New Jersey 08759.

12.   Defendant MRPC Holdings, LLC, is a business entity with its principal place of business located at 2498 NJ-70 Manchester Township, New Jersey 08759.

13.   Defendant Ocean Energy Holdings, LLC, is a business entity, with its principal place of business located at 2498 NJ-70, Manchester Township, New Jersey 08759.

14.   Defendant(s) John Does 1-10 are fictitious individuals intending to represent any unknown, undisclosed and/or concealed party or parties that have liability for the occurrences alleged herein.

15.   Defendant(s) ABC Company 1-10 are fictitious business entities intending to represent any unknown, undisclosed and/or concealed party or parties that have liability for the occurrences alleged herein.

16.   On or about October 1, 2021, the Defendant(s) owned, operated, controlled, supervised, managed, staffed, and/or maintained the Ocean County Landfill (the "Landfill") located at 2498 NJ-70, Manchester Township, New Jersey 08759.

17.   At all relevant times herein, Defendant(s) through arrangement, agreement, or acts or omission of agent, servant, authorized personnel and representative, servant, employee and/or worker, were responsible for the construction, remodeling, maintenance, repair, management, supervision and/or upkeep of the Landfill.

18.   On or about October 1, 2021, William Barnshaw (not a party to this action) was an employee for the Township of Brick, and in that capacity was operating the Truck at the Landfill.

19.   On or about October 1, 2021, the Defendant(s) carelessly and/or negligently allowed and permitted a dangerous and hazardous condition to exist at the Landfill and/or failed to warn Plaintiff's insured of same.

20.   On or about October 1, 2021, Defendant(s) carelessly and/or negligently failed to properly and safely maintain, service, supervise and/or manage the upkeep and condition at the Landfill, causing the sites where garbage was unloaded to become unsafe for garbage vehicles to travel and perform their duties.

21.   As a result of the dangerous and hazardous condition of the Landfill during the time the Truck was being operated at same, the Truck tipped over on its side, causing extensive damage thereto in the amount of $77,751.67.

22.   The aforesaid accident was a direct and proximate result of Defendants' negligence, carelessness, recklessness and/or other liability-producing conduct.

23.   Pursuant to the insurance policy herein mentioned, Plaintiff has incurred and paid expense and other damages on behalf of its insured.


**WHEREFORE**, the Plaintiff, Ocean County Municipal Joint Insurance Fund a/s/o Township of Brick, demands judgment against the Defendants, in the amount of

$77,751.67, which includes the Plaintiff's insured's deductible, plus interest, attorney's fees, and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

James J. Gluck is hereby designated as the trial counsel for the Plaintiff in the within matter.

## DEMAND FOR INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## CERTIFICATION PURSUANT TO R. 1:38-7

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## CERTIFICATION PURSUANT TO R. 4:5-1

Following my initial review of this matter, it appears there is a related bodily injury action filed in the Ocean County Superior Court of New Jersey, Law Division under docket number OCN-L-002585-22, *William Barnshaw and Jill Barnshaw v. Ocean County Landfill Corp., et al.*

**GLUCK & ALLEN, LLC**

By: _____

James J. Gluck, Esq.
Attorney for Plaintiff

Dated: 5/25/23

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-001266-23**

**Case Caption:** OCEAN COUNTY MUNICIP AL JOINT  VS
OCEAN COUNTY LA

**Case Initiation Date:** 06/01/2023

**Attorney Name:** JAMES JOHN GLUCK

**Firm Name:** GLUCK &  ALLEN  LLC

**Address:** 217 WASHINGTON ST
TOMS RIVER NJ 087530000

**Phone:** 7325054800

**Name of Party:** PLAINTIFF : Ocean County Municipal Joint

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** TORT-OTHER

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** YES

**If yes, list docket numbers:** OCN-L-002585-22

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Ocean County Municipal Joint? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/01/2023
Dated

/s/ JAMES JOHN GLUCK
Signed